NOT FOR PUBLICATION
[Docket No. 10]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| ALLEGRA CAMPBELL, <br><br> Plaintiff, <br><br> v. <br><br> SOMERDALE POLICE DEPARTMENT, KRISTOPHER AUSTIN, ANTHONY CAMPBELL, MICHELE D. MILLER, JAMES ABBOTT, JOHN and JANE DOE (1-20), <br><br> Defendants. | Civil No. 15-3585 (RMB) <br><br> **MEMORANDUM OPINION AND ORDER** |

**BUMB**, UNITED STATES DISTRICT JUDGE:

This matter comes before the Court on a series of motions submitted by <u>pro se</u> Plaintiff Allegra Campbell. Plaintiff moves this Court for a temporary restraining order or preliminary injunction preventing the continuance of the criminal prosecution against her in the Superior Court of New Jersey. Additionally, Plaintiff moves this Court in opposition to an extension of time for Defendants to reply to the complaint and seeks an entry of default judgment against Defendants.[1] For the reasons set forth below, all of Plaintiff's motions are denied.

---

[1] All four motions are found at Docket Entry #10.

**I.   Background**

On May 27, 2015, Plaintiff filed the complaint [Docket Entry #1] in this Court seeking redress for a series of alleged injuries arising from Plaintiff's arrest on the evening of February 27, 2015.[2] The complaint names as defendants the Somerdale Police Department, several named officers of that department, twenty unnamed officers of that department, Somerdale Mayor Gary Passante, and the Somerdale Municipal Clerk of Court Michele Miller (collectively, "Defendants"). Against Defendants, Plaintiff asserts a series of claims including causes of action for alleged violations of Plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983, malicious abuse of process, conspiracy to deprive Plaintiff of her constitutional rights, intentional infliction of emotional distress, mail fraud, and fraud. (Compl. at 7-10.)

On July 6, 2015, Defendants submitted an application directed to the Clerk of this Court for an additional fourteen days to prepare a motion to dismiss in response to Plaintiff's complaint [Docket Entry #7]. That same day, the Clerk granted

---

[2] The Court notes that it is unable to determine the current status of the criminal action pending against Plaintiff. According to the Superior Court of New Jersey Prearraignment Conference Order filed along with Plaintiff's complaint, (Compl. Ex. G), an indictment was filed against Plaintiff in that court on May 19, 2015 charging the Plaintiff with resisting arrest by eluding an officer, resisting arrest by use or threat of physical force, and three counts of aggravated assault. (Id.) Given the nature of the relief Plaintiff seeks, discussed below, this Court assumes for purposes of these motions that the criminal prosecution is currently ongoing.

2

that request pursuant to Local Civil Rule 6.1(b) [Docket Entry #8]. D.N.J. Civ. R. 6.1.[3] Thereafter, on July 17, 2015, Defendants collectively moved for partial dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [Docket Entry #9].

On July 20, 2015, Plaintiff filed the instant motions for injunctive relief, opposing an extension of time for Defendants to respond to the complaint, and entry of default judgment [Docket Entry #10].

**II.  Analysis**

Because Plaintiff is appearing pro se, this Court will construe her pleadings and submissions liberally. Paris v. Pennsauken Sch. Dist., Civ. No. 12-7355, 2013 WL 4047638 (D.N.J. Aug. 9, 2013); see also Haines v. Kerner, 404 U.S. 519, 520 (1972) ("[H]owever inartfully pleaded," the "allegations of a pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers[.]").

Here, Plaintiff states in her motions for injunctive relief that "the case in the lower court case number W-2015-000029-0431 was removed to this venue according to FRCP §1446. Which states

---

[3] District of New Jersey Local Civil Rule 6.1(b) provides, "The time within which to answer or reply to any pleadings as to which a responsive pleading is permitted may, before the expiration of the original deadline to answer or reply thereto, and with or without notice, be extended once for a period not to exceed 14 days on order granted by the Clerk [of this Court]. Any other proposed extension of time must be presented to the Court for consideration." Id.

that the lower court procedures must stop. [sic] Yet the evidence provides that the lower court has no respect for the Federal Rules or any laws."[4] (Pl.'s Mots. For TRO/PI at ¶ 4.) Reading Plaintiff's submissions with the requisite liberal construction, this Court construes Plaintiff's request to be for a temporary restraining order or preliminary injunction prohibiting the Defendants in this case and Judge Steven Polansky of the Superior Court of New Jersey, from proceeding with the criminal prosecution against her. (Id. at p. 2.)[5]

In order to be granted a temporary restraining order or preliminary injunction, a Plaintiff must demonstrate, inter

---

[4] Although Plaintiff purports to have removed the criminal action pending against her pursuant to "FRCP §1446," (id. at ¶ 1), no such action was removed to this Court. The Court notes that to the extent Plaintiff may have sought removal pursuant to 28 U.S.C. § 1446, governing the procedure for removal of civil actions to federal court, removal jurisdiction would not be present for a criminal action. Moreover, none of the statutes permitting removal of criminal actions to federal court appear to cover the criminal prosecution pending against Plaintiff. See generally State v. Aristeo, Civ. No. 14-7911, 2014 WL 7404539, at *1 (D.N.J. Dec. 30, 2014) (outlining the narrow channels available for removal of criminal actions), aff'd, 2015 WL 4394757 (3d Cir. July 20, 2015) (per curiam).

[5] To the extent this Court has misinterpreted Plaintiff's motions and Plaintiff moves this Court for a preliminary injunction seeking relief unrelated to enjoining her state court criminal prosecution, Plaintiff may supplement her motion for preliminary injunction with additional information concerning the relief she seeks and the grounds for that relief within five (5) days of the filing of this Memorandum Opinion and Order. Thereafter, Defendants may respond to Plaintiff's supplemental explanation within an additional five (5) days of that briefing.

alia, a likelihood of success on the merits. Maldonado v. Houston, 157 F.3d 179, 184 (3d Cir. 1998); Caldwell v. Vineland Police Dep't, Civ. No. 05-5585, 2006 WL 2786848, at *1 (D.N.J. Sep. 25, 2006). Put simply, Plaintiff cannot demonstrate a likelihood of success on either motion seeking injunctive relief because, except in rare instances not present here, this Court must abstain from the issuance of injunctions directed to state court criminal prosecutions.

Pursuant to the doctrine developed in Younger v. Harris, 401 U.S. 37 (1971), "federal courts should abstain from enjoining state criminal prosecutions because of principles of comity and federalism, unless certain extraordinary circumstances exist." Marran v. Marran, 376 F.3d 143, 154 (3d Cir. 2004). "Younger abstention," as the doctrine emanating from that case is known, "is premised on the notion of comity, a principle of deference and 'proper respect' for state government functions in our federal system." Evans v. Ct. of Common Pleas, Del. Cnty., Pa., 959 F.2d 1227, 1234 (3d Cir. 1992) (quoting Younger, 401 U.S. at 44). Moreover, comity concerns are particularly implicated by a request to enjoin state court criminal proceedings. See id.; see also Gonzalez v. Waterfront Comm'n of the N.Y. Harbor, 755 F.3d 176, 180 (3d Cir. 2014) ("In Younger, the Supreme Court held that absent a showing of bad faith or an intent to harass, federal courts should decline

5

requests to enjoin state criminal prosecutions, 'particularly . . . when the moving party has an adequate remedy in state court.'") (internal citations and quotations omitted).

Here, Plaintiff's ongoing state court proceedings are penal in nature. (Compl. Ex. G). Her allegations in her moving papers concern additional alleged violations of rights that will be caused by the continuance of her criminal prosecution. (Pl.'s Mots. for TRO/PI at ¶ 4 & p. 2). As such, Plaintiff's motion squarely implicates the comity and federalism concerns *Younger* abstention prevents. To the extent Plaintiff will be harmed by the continuance of her criminal prosecution in the Superior Court of New Jersey, Plaintiff has adequate remedies in that state forum to prevent the violation of her rights. For these reasons, Plaintiff's motion for a temporary restraining order is denied. For the same reasons, Plaintiff's motion for preliminary injunction is denied.

Finally, Plaintiff moves this Court in opposition to the extension of time sought by Defendants to respond to the complaint, as well as for an entry of default judgment against Defendants. The extension Plaintiff opposes was already automatically granted to Defendants by the Clerk of this Court, pursuant to standard practice in this District under Local Civil Rule 6.1(b) [Docket Entry #8]. Indeed, Defendants have already filed the very motion for which they sought an extension of the

deadline to file [Docket Entry #9]. As such, Plaintiff's motion opposing this extension is denied as moot. Moreover, because all named Defendants have joined the motion to dismiss the complaint in part, they have replied to the complaint and thereby met their obligations to avoid default under Federal Rule of Civil Procedure 55(a). Accordingly, Plaintiff's motion for entry of default judgment is also denied.

IT IS, therefore, on this **24th** day of **July 2015**,

**ORDERED** that, to the extent Plaintiff's motions for a temporary restraining order and preliminary injunction seeking to enjoin the criminal prosecution currently pending against her in the Superior Court of New Jersey, the motions are denied; and it is further

**ORDERED** that, in the event Plaintiff sought relief separate from enjoining the state criminal prosecution currently pending against her with her motions seeking injunctive relief, Plaintiff may supplement her motion papers with additional and specific information outlining such requested relief and the grounds upon which she is entitled to that relief within five (5) days of the entry of this Order, after which Defendants shall have five (5) days to respond; and it is further

**ORDERED** that Plaintiff's motion opposing Defendants' application for an extension of time to file a response to the complaint is denied as moot; and it is further

7

**ORDERED** that Plaintiff's motion seeking entry of default judgment against Defendants is denied; and it is finally

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Plaintiff by regular U.S. mail.

s/Renée Marie Bumb<br>
**RENÉE MARIE BUMB**<br>
**United States District Judge**